J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Nicole L. Drey (SBN 250235)
nicole@coombspc.com
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Ave., Suite 202
Glendale, California 91206
Telephone:   (818) 500-3200
Facsimile:    (818) 500-3201

Attorneys for Plaintiffs DC Comics
and Sanrio, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| DC Comics and Sanrio, Inc., | [Filed Under Seal] |
| Plaintiffs, | No. CV12-1967 EMC |
| v. | [PROPOSED] TEMPORARY RESTRAINING ORDER; ~~ORDER FOR SEIZURE AND IMPOUNDMENT~~; ORDER TO SHOW CAUSE RE ISSUANCE OF PRELIMINARY INJUNCTION |
| BCMini, LLC; Miguel Cheng, an individual and d/b/a BC Office Products, BC Office, BC USA and Iwako USA; and Does 1 – 10, inclusive, | |
| Defendants. | |

~~CONFIDENTIAL/~~FILED UNDER SEAL

~~NOT TO BE OPENED EXCEPT BY~~ ORDER OF THE COURT

///
///
///
///

Plaintiffs DC Comics and Sanrio, Inc. (collectively "Plaintiffs"), having applied *ex parte* for a temporary restraining order, order for seizure and impoundment and order to show cause re issuance of a preliminary injunction pursuant to the Copyright Act (17 U.S.C. § 101 *et seq.*), the Lanham Act (15 U.S.C. § 1051 *et seq.*), Federal Rules of Civil Procedure, Rule 65, and the laws of the State of California against Defendants BCMini, LLC and Miguel Cheng, an individual and d/b/a BC Office Products, BC Office, BC USA and Iwako USA (collectively "Defendants"), for the reason that Defendants appear to be importing, manufacturing, advertising, promoting, displaying, distributing, selling and/or offering for sale wallets, lanyards, key chains, charms, bookmarks, notebooks, bags, personal accessories, and other products featuring unauthorized reproductions of Plaintiffs' registered copyrights and trademarks in Plaintiffs' world-famous characters and logos ("Unauthorized Products") and the Court, having reviewed the documents filed concurrently herewith, including the Complaint, Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order, Order for Seizure and Impoundment, Order to Show Cause re Issuance of a Preliminary Injunction and the Declarations in Support of Plaintiffs' Application, along with supporting Exhibits, and the supporting Memorandum of Points and Authorities submitted by Plaintiffs, and good cause having been shown, the Court hereby finds that it clearly appears that:

1. Plaintiffs are likely to succeed in showing that Defendants are using Plaintiffs' copyrights and trademarks in Plaintiffs' world-famous characters and logos ("Plaintiff's Properties") in connection with the importation, manufacture, distribution, sale and offer for sale of the Unauthorized Products;

2. The sale of such Unauthorized Products will result in immediate and irreparable injury to Plaintiffs, if seizure of such Unauthorized Products, and the production apparatus and materials pertaining thereto there may be, is not ordered;

Based on the evidence presented and for the reasons stated on the record,

3. Defendants or other persons acting in concert with Defendants may ~~destroy, move, hide, or otherwise make~~ the Unauthorized Products ~~and business records relating thereto,~~ continue to sell, distribute or otherwise dispose of

1. ~~inaccessible to the Court~~ if Plaintiffs were to proceed ~~on notice to Defendants~~ *without a TRO*, thus frustrating the ultimate relief Plaintiffs seek in this action;

2. 4. The harm to Plaintiffs of denying the requested ~~ex parte seizure and impoundment~~ *TRO + inspection + Inventory* order outweighs the harm to the legitimate interest of Defendants from granting such order;

3. ~~5. Plaintiffs have represented that they have not publicized the proposed impoundment order;~~

4. ~~6. Plaintiffs have provided the United States Attorney with reasonable notice of their application for an ex parte seizure and impoundment order;~~

5. 7. Plaintiffs have demonstrated the location at which Defendants are holding, distributing, selling and/or offering for sale the Unauthorized Products; and

6. 8. Entry of an order other than the requested ~~ex parte impoundment~~ *TRO + inspection + Inventory* order will not adequately achieve the purposes of 17 U.S.C. § 503, 15 U.S.C. § 1116, or California Business and Professions Code § 17200, *et seq.*, to preserve Plaintiffs' remedies for copyright infringement, trademark infringement or unfair competition, including, *inter alia* destruction of the Unauthorized Products, ~~the acquisition of business records relating to the Unauthorized Products,~~ and an award to Plaintiffs of lost profits or damages.

## ORDER TO SHOW CAUSE

9. THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendants, and each of them, and any person acting in concert with them who is served with a copy of this order shall show cause, unless any of the Defendants waives his, her or its right to do so, before the Honorable *Edward M. Chen*, Judge of this Court, at the United States District Courthouse, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, 94102, on the *8th* day of ~~April,~~ *May* 2012, at *2:30* ~~a.m.~~/p.m. or as soon thereafter as counsel may be heard why an order should not be granted entered, granting Plaintiffs a preliminary injunction pursuant to Federal Rules of Civil Procedure, Rule 65, as follows:

   a. Enjoining and restraining Defendants, their officers, agents, servants and any persons, firms or corporations acting in concert with them from directly or indirectly

infringing Plaintiffs' Properties in any manner, including generally, but not limited to, manufacture, importation, distribution, advertising, selling and/or offering for sale any Unauthorized Products, and, specifically:

b. Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Unauthorized Products or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiffs' Properties;

c. Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to Plaintiff's Properties;

d. Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe, the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with, are sponsored, approved or licensed by Plaintiffs, or are in some way affiliated with Plaintiffs;

e. Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiffs;

f. Destroying or otherwise disposing of:

   i. Merchandise falsely bearing Plaintiff's Properties;

   ii. Any other products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiffs' Properties;

       iii.    Any labels, packages, wrappers, containers or any other unauthorized promotion or advertising material item which reproduces, copies, counterfeits, imitates or bears any of Plaintiffs' Properties;

       iv.    Any molds, screens, patterns, plates, negatives or other elements used for making or manufacturing products bearing Plaintiff's Properties;

       v.    Any sales and supply of customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and all other business records, believed to concern the manufacture, purchase, advertising, sale or offering for sale of the Unauthorized Products; and

g.    Impounding during the pendency of this action:

       i.    All unauthorized products bearing Plaintiffs' Properties, or likenesses thereof;

       ii.    Any other unauthorized products which reproduce, copy, counterfeit, imitate or bear any of Plaintiffs' Properties or which picture, reproduce, copy or use the likeness of or bear a substantial similarity to Plaintiffs' Properties;

       iii.    Any labels, packages, wrappers, containers and any other unauthorized promotional or advertising material which reproduce, copy, counterfeit, imitate or bear any of Plaintiffs' Properties or which picture, reproduce, copy or use the likeness of or bear a substantial similarity to Plaintiffs' Properties; and

       iv.    Any molds, screens, patterns, plates, negatives, equipment, machinery or equipment used for making or manufacturing the Unauthorized Products or unauthorized items which bear Plaintiffs' Properties or which bear a substantial similarity to any of Plaintiffs' Properties; and

       v.    Any sales and supply of customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and all other

business records, believed to concern the manufacture, purchase, advertising, sale or offering for sale of the Unauthorized Products.

### TEMPORARY RESTRAINING ORDER

10. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, pending the hearing on Plaintiffs' Application re Issuance of a Preliminary Injunction, Defendants, their agents, servants, employees, attorneys and any person acting in concert or in participation with them, or having knowledge of this Order by personal service or otherwise, be and they are hereby temporarily restraining from (i) committing any of the acts set forth in subparagraphs 9 (a) through 9 (f) of the preceding section, and (ii) moving, destroying, or otherwise disposing of any material described in subparagraphs 9 (f) and (g) of the preceding section; and

11. IT IS FURTHER ORDERED that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court, unless Defendants, or any of them, so stipulate or have not objected to the Preliminary Injunction;

### ORDER FOR ~~SEIZURE AND IMPOUNDMENT~~ INSPECTION & INVENTORY

12. IT IS FURTHER ORDERED that ~~the United States Marshal or other state or local~~ federal law enforcement officer, together with counsel for Plaintiffs and persons under their supervision, be and are hereby directed to ~~seize and impound~~ INSPECT & INVENTORY the items described in paragraph 13 at the following locations, and at any other location identified as a warehouse, manufacturing facility, or retail location controlled by Defendants during the course of the ~~seizure and impoundment~~ INSPECTION & INVENTORY, including any vehicles or containers located at or near the following addresses which contain commercial merchandise, within seven (7) business days from the date of this Order:

   i. BCMini, LLC a/k/a BC USA a/k/a BC Office Products a/k/a BC Office a/k/a BC, 101 Quint Street, Suite A, San Francisco, CA 94124;

13. The items subject to ~~seizure~~ INSPECTION & INVENTORY pursuant to paragraph 12 are:

   i. All unauthorized products bearing Plaintiffs' Properties, or likenesses thereof;

ii. Any other unauthorized products which reproduce, copy, counterfeit, imitate or bear any of Plaintiffs' Properties or which picture, reproduce, copy or use the likeness of or bear a substantial similarity to Plaintiffs' Properties;

iii. Any labels, packages, wrappers, containers and any other unauthorized promotional or advertising material which reproduce, copy, counterfeit, imitate or bear any of Plaintiffs' Properties or which picture, reproduce, copy or use the likeness of or bear a substantial similarity to Plaintiffs' Properties;

iv. Any molds, screens, patterns, plates, negatives, equipment, machinery or equipment used for making or manufacturing the Unauthorized Products or unauthorized items which bear Plaintiffs' Properties or which bear a substantial similarity to any of Plaintiffs' Properties; and

v. ~~Any sales and supply of customer journals, ledgers, invoices, purchase orders, sales records, inventory control documents, bank records, catalogs, website development materials, and all other business records, including any written or computer communication in printed or stored media such as online sales or advertisement as well as email and chat logs, believed to concern the manufacture, importation, purchase, advertising, sale or offering for sale of the Unauthorized Products, including computers, hard drives, servers or other digital storage on which such documents or data is stored.~~

14. IT IS FURTHER ORDERED that ~~the United States Marshal or state or local law~~ FEDERAL LAW enforcement, along with Plaintiffs' counsel and persons under their supervision, shall employ whatever reasonable force is necessary (after exhausting less intrusive alternatives) to enter the above-described premises owned, leased or controlled by Defendants for the location to be searched (whether during normal business hours or after) where the Unauthorized Products, labels ~~or business records~~ relating thereto may be found, and to inspect the contents of any business or commercial vehicles or trucks, closets, cabinets, boxes, containers, cases, desks or documents located on the identified location;

15. IT IS FURTHER ORDERED that Plaintiffs' agent shall promptly inspect all items seized and, if any items are found not to be imitation or copy products, such items are to be returned to Defendants within ten (10) business days after the date of such seizure pursuant to the terms of this Order;

16. IT IS FURTHER ORDERED that the ~~search, impoundment and sequestration~~ INVENTORY & INSPECTION ordered herein may be photographed or videotaped for the purpose of authenticating and assisting in the obtaining of evidence and to prevent any controversy regarding the activities and events occurring during said search, impoundment or sequestration;

17. IT IS FURTHER ORDERED that any Unauthorized Products or means of making such Unauthorized Products ~~impounded~~ IDENTIFIED BY PLAINTIFFS shall be appropriately tagged to permit identification, that Defendants shall be given a receipt therefore, and such merchandise or things ~~seized and impounded~~ IDENTIFIED SEQUESTERED BY DEFENDANTS AS shall be ~~delivered to attorneys for Plaintiffs as~~ provisional custodian for the Court for temporary examination and storage, pending further order of the Court, and shall be made available for inventory or inspection by any party or its counsel, during normal business hours upon reasonable notice;

18. IT IS FURTHER ORDERED that Plaintiffs' counsel file with the Court, within five (5) business days of the ~~impoundment and seizure~~ INVENTORY & INSPECTION, an affidavit stating the date on which the goods and other materials were ~~seized and where the goods and other materials are stored,~~ IDENTIFIED & TAGGED and a list containing a general description of the items seized;

19. ~~IT IS FURTHER ORDERED that all books, records, and/or digital storage devices impounded shall be copied at Plaintiffs' expense and returned to Defendants within ten (10) business days from the date of impoundment pursuant to the terms of this Order. Access to these records is limited to Plaintiffs' counsel and any necessary independent investigators and financial analysts;~~

20. IT IS FURTHER ORDERED that this Temporary Restraining Order be and is hereby conditioned upon Plaintiffs filing with the Clerk of this Court by Friday, April 27, 2012 ~~within three (3) business days of conducting the seizure ordered herein and within five (5) business days from the date of this~~

1  ~~Order,~~ a bond or surety in the form of a check or cash in the amount of $ 5,000 to secure the
2  payment of any costs or damages, not to exceed twice the sum as may be suffered or sustained by
3  any party who is wrongfully restrained thereby;
4      21.    IT IS FURTHER ORDERED that service of a copy of this Order, the Complaint,
5  the Application and supporting Declarations, Exhibits and Memorandum of Points and Authorities
6  be made upon the Defendants consistent with 17 U.S.C. § 502(b), 15 U.S.C. § 1116(d)(9) and in a
7  manner consistent with service of process requirements in the State of California, at the time of the
8  inspection + inventory ~~, seizure,~~ or within ~~three (3)~~ one (1) business days after the inspection + inventory ~~seizure~~ if there is no party present at the inspection + inventory ~~seizure~~
9  who is authorized to accept service on Defendants' behalf;
10     22.    IT IS FURTHER ORDERED that Plaintiffs are given leave to amend the complaint
11 at the time of ~~seizure~~ inspection + inventory to name additional parties as Defendants and to correct misnomers in the
12 designation of the named Defendants; and
13     23.    IT IS FURTHER ORDERED that any response or opposition to this Order to Show
14 Cause must be filed and personally served on Plaintiffs' counsel, J. Andrew Coombs, J. Andrew
15 Coombs, A Professional Corporation, 517 East Wilson Avenue, Suite 202, Glendale, California,
16 91206, no later than Tuesday May 1, 2012 ~~four (4) court days before the date set for hearing~~ and proof of service shall be
17 filed not later than seven (7) ~~four (4)~~ days before the hearing and Plaintiffs shall file a Reply, if any, not later
18 than Friday May 5, 2012 ~~two (2) court days before the date set for hearing.~~
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

DC Comics, et al. v. BCMini, et al.: [Proposed] TRO     - 9 -

24. Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in ~~confirmation of the seizure authorized herein, destruction or other disposition of the goods seized, if any,~~ entry of a seizure order, immediate issuance of the prayed for Preliminary Injunction to take effect immediately upon expiration or dissolution of the within Temporary Restraining Order, and may otherwise extend for the pendency of this litigation relief upon the same terms and conditions as comprise the Temporary Restraining Order. Defendants are hereby further given notice that they shall be deemed to have actual notice of the issuance in terms of such preliminary injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

IT IS SO ORDERED.

Dated: 4/24/12

_____
Hon. Edward M. Chen
U.S. District Judge,
Northern District of California

PRESENTED BY:
J. Andrew Coombs, A Prof. Corp.

By: _____
J. Andrew Coombs
Nicole L. Drey
Attorneys for Plaintiffs DC Comics
and Sanrio, Inc.