J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Nicole L. Drey (SBN 250235)
*nicole@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Ave., Suite 202
Glendale, California 91206
Telephone:  (818) 500-3200
Facsimile:  (818) 500-3201

Attorneys for Plaintiffs DC Comics
and Sanrio, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| DC Comics and Sanrio, Inc., ) | Case No. CV12-1967 EMC |
| ) | |
| Plaintiffs, ) | [PR~~OPOS~~ED] PRELIMINARY INJUNCTION |
| ) | |
| v. ) | |
| ) | |
| BCMini, LLC; Miguel Cheng, an individual and ) d/b/a BC Office Products, BC Office, BC USA ) and Iwako USA and Does 1 – 10, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This Court, having considered the Joint Stipulation re Preliminary Injunction filed by Plaintiffs DC Comics and Sanrio, Inc. (collectively "Plaintiffs"), on the one hand, and Defendants BCMini, LLC, and Miguel Cheng, an individual and d/b/a BC Office Products, BC Office, BC USA and Iwako USA (collectively "Defendants"), on the other hand, and finding good cause therefore,

IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.  Defendants and their agents, servants, employees and attorneys, and all persons in active concert and participation with them, are hereby restrained and enjoined from directly or indirectly infringing Plaintiffs' Copyrights (depictions of which are attached hereto as Exhibits A and C) and Plaintiffs' Trademarks (representative lists of which are attached hereto as Exhibits B

and D) (collectively "Plaintiffs' Properties") in any manner, including generally, but not limited to, the unauthorized manufacture, importation, distribution, advertising, selling and/or offering for sale any wallets, lanyards, key chains, charms, bookmarks, notebooks, bags, personal accessories, and other products bearing depictions of Plaintiffs' Properties ("Unauthorized Products"), and specifically:

    a.    Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Unauthorized Products or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of Plaintiffs' Properties;

    c.    Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to Plaintiffs' Properties;

    d.    Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe, the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with, are sponsored, approved or licensed by Plaintiffs, or are in some way affiliated with Plaintiffs;

    e.    Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiffs;

    f.    Destroying or otherwise disposing of:

        i.    Merchandise falsely bearing Plaintiffs' Properties;

        ii.    Any other products which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of Plaintiffs' Properties;

  iii. Any labels, packages, wrappers, containers or any other unauthorized promotion or advertising material item which reproduces, copies, counterfeits, imitates or bears any of Plaintiffs' Properties;

  iv. Any molds, screens, patterns, plates, negatives or other elements used for making or manufacturing products bearing Plaintiff's Properties;

  v. Any sales and supply of customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and all other business records, believed to concern the manufacture, purchase, advertising, sale or offering for sale of the Unauthorized Products; and

2. Defendants will preserve during the pendency of this action:

 a. All Unauthorized Products bearing Plaintiffs' Properties, or likenesses thereof;

 b. Any other unauthorized products which reproduce, copy, counterfeit, imitate or bear any of Plaintiffs' Properties or which picture, reproduce, copy or use the likeness of or bear a confusing similarity to Plaintiffs' Properties;

 c. Any labels, packages, wrappers, containers and any other unauthorized promotional or advertising material which reproduce, copy, counterfeit, imitate or bear any of Plaintiffs' Properties or which picture, reproduce, copy or use the likeness of or bear a confusing similarity to Plaintiffs' Properties;

 d. Any molds, screens, patterns, plates, negatives, machinery, equipment or other elements used for making or manufacturing the Unauthorized Products or unauthorized items which bear Plaintiffs' Properties or which bear a confusing similarity to any of Plaintiffs' Properties; and

 e. Customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs, and all other business records reasonably

believed to reflect or reveal the manufacture, purchase, advertising, sale or offering for sale of the Unauthorized Products.

3. Exempted from this Preliminary Injunction is the unauthorized importation of any products bearing Plaintiffs' Properties if such unauthorized importation is not the result of any selection or intentional decision on the part of Defendants. Should Defendants' suppliers make a substitution of non-counterfeit goods that would otherwise violate this Preliminary Injunction, without the prior knowledge of Defendants, Defendants shall, within five (5) days of learning of the substitution, (a) send the items back to the source, (b) destroy the items, or (c) contact Plaintiffs' counsel to arrange for pick up or delivery of the items at Plaintiffs' own expense, should Plaintiffs so elect.

4. This Preliminary Injunction is issued without the posting by Plaintiffs of any additional bond.

5. Upon entry hereof, the Temporary Restraining Order herein, dated April 24, 2012, is vacated.

6. This Order shall be deemed to have been served upon Defendants at the time of the signing thereof by the Court.

/ / /

/ / /

/ / /

7. This matter will remain open and pending before the Court to resolve any remaining issues.

IT IS SO ORDERED.

Dated: July 26, 2012

*IT IS SO ORDERED*
*Judge Edward M. Chen*
*United States District Court, Northern District of California*

PRESENTED BY:

J. Andrew Coombs, A Prof. Corp.

By: _____
    J. Andrew Coombs
    Nicole L. Drey
Attorneys for Plaintiffs DC Comics and Sanrio, Inc.

Mount, Spelman & Fingerman, P.C.

By: _____
    Daniel S. Mount
    Kathryn G. Spelman
    Daniel H. Fingerman
    On Lu
Attorneys for Defendants BC Mini, LLC, and Miguel Cheng

# PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of California. My business address is 517 East Wilson Avenue, Suite 202, Glendale, California 91206.

On July 24, 2012, I served on the interested parties in this action with:

JOINT STIPULATION RE PRELIMINARY INJUNCTION
[PROPOSED] PRELIMINARY INJUNCTION

in support for the following civil action:

DC Comics, et al. v. BCMini, LLC, et al.

by placing a true copy thereof in an envelope to be immediately sealed thereafter.  I am readily familiar with the office's practice of collecting and processing correspondence for mailing.  Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business.  I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

> Samuel L. Phillips
> Borton & Petrini, LLP
> 95 South Market Street, Suite 400
> San Jose, California 95113

Place of Mailing: Glendale, California
Executed on July 24, 2012, at Glendale, California


_____
Katrina Bartolome